UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENDELL J LOCUE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-229 |
| | § | |
| BUREAU OF PRISONS, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER OF TRANSFER

This is a habeas action filed pursuant to 28 U.S.C. § 2241. (D.E. 1). Petitioner Kendell Locue (21662-480) is incarcerated at FCI Three Rivers, located in Live Oak County, Texas, which is within the jurisdiction of the United States District Court for the Southern District of Texas, Corpus Christi Division. 28 U.S.C. § 124(b)(6).

It is well established that a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration and it must be filed in the district where the prisoner is incarcerated. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (citation omitted); *see also Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). In contrast, a § 2255 motion provides the primary means of collateral attack on a federal sentence. *Pack*, 218 F.3d at 451 (citation omitted). Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. *Id*. A §

2255 motion must be filed in the sentencing court. *Id*.; *Eckles v. Chandler*, 574 F. App'x. 446 (5th Cir. 2014). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452 (citation omitted).

Here, Petitioner has failed to file a § 2241 form. Instead, Petitioner has submitted a one sentence document where he states: "I am Kendell J. Locue I am actually innocent of your conviction and that the court lacked the requisite subject matter jurisdiction over my 922(g) conviction." (D.E. 1). It is clear Petitioner is seeking § 2255 relief as he is challenging the validity of his federal sentence. Therefore, this action must be filed in the sentencing court, which is the Western District of Texas, Austin Division. *United States v. Locue*, 1:18-cr-401-RP-1 (W.D. Tex. June 27, 2019) (Amended Judgment sentencing Petitioner to 77 months incarceration for being a felon in possession of a firearm pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2)).

A review of the docket in Petitioner's criminal case shows he has not previously filed a § 2255 Motion. Therefore, rather than dismissal, the Court finds this case is more appropriately transferred, noting there may be an issue with the statute of limitations. *Dodd v. United States*, 545 U.S. 353, 354 (2005); 28 U.S.C. § 2255(f) (Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section.") The Clerk of Court is **ORDERED** to **TRANSFER** this case to the United States District Court for

the Western District of Texas, Austin Division. All pending Motions are **DENIED** as moot and the Clerk of Court is **DIRECTED** to **CLOSE** this case.

ORDERED this 21st day of October, 2021.

_____
Jason B. Libby
United States Magistrate Judge